IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES ARTHUR BIGGINS,       )
      )
      Petitioner,       )
      )
      v.       )    C.A. No. 22-1585 (MN)
      )
WILLIAM OETTEL, Warden, ATTORNEY   )
GENERAL OF THE STATE OF       )
DELAWARE, et al.,       )
      )
      Respondents.       )

**MEMORANDUM ORDER**

At Wilmington, this 18th day of January 2023;

## I.    BACKGROUND

Petitioner James Arthur Biggins ("Petitioner") was convicted in 1997 by a Delaware Superior Court jury of three counts of second degree unlawful intercourse, one count of third degree assault, and one count of second degree unlawful imprisonment. *See Biggins v. Carroll*, 2002 WL 31094810, at *1 (D. Del. Sept. 13, 2002). The Superior Court sentenced him to thirty years of incarceration followed by probation. *Id*. On March 25, 1999, Petitioner filed his first federal habeas petition ("Petition") challenging his 1997 conviction, which the Honorable Gregory M. Sleet denied on September 13, 2002 after determining that the claims raised therein were either procedurally barred or failed to warrant habeas relief under § 2254(d). *Id*. at *8-13. Since then, Petitioner has filed six formal additional habeas petitions challenging the same 1997 conviction and one construed habeas petition, all of which were denied as second or successive. *See Biggins v. Carroll*, C.A. No. 03-273-GMS, Mem. Order (D. Del. Apr. 9, 2003); *Biggins v. Phelps et. al.,* C.A. No. 09-741-GMS, Order (D. Del. Mar. 3, 2010); *Biggins v. Phelps*, C.A. No. 10-292-GMS, Order (D. Del. Apr. 20, 2010); *Biggins v. Phelps*, C.A. No. 10-724-GMS. Mem. Order (D. Del.

Sept. 28, 2010); *Biggins v. Phelps*, C.A. No. 11-366-GMS, Order (D. Del. June 20, 2011); *Biggins v. Phelps*, C.A. No. 12-586-GMS, Mem. Order (D. Del. Mar. 4, 2013); *Biggins v. State*, C.A. No. 14-844-GMS (D. Del. Dec. 10, 2015) (construed habeas).

Presently pending before the Court is Petitioner's newest filing, which he presents as a combined Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Request for a Restraining Order against Respondents. (D.I. 1). The exhibits attached to the Petition reveal that Petitioner was serving a six-month sentence at Level IV custody – which started to run on July 20, 2022 and was due to expire on January 19, 2023 (*see* D.I. 1-1 at 1) – when he engaged in a physical altercation with another inmate on November 13, 2022 (*see* D.I. 1-3 at 1). As a result, an administrative warrant was issued on November 22, 2022 requesting that Petitioner be held without bond pending a violation of probation hearing. (D.I. 1-3 at 1). The instant Petition appears to assert the following three claims related to those circumstances: (1) Respondents violated Petitioners' due process and equal protection rights during his disciplinary and administrative process proceedings (D.I. 1 at 1-2); (2) the administrative warrant was issued in violation of Petitioner's rights to due process and equal protection (D.I. 1 at 3-4); and (3) Respondents have improperly calculated his good-time credit for the Level IV sentence imposed on July 20, 2022 and, therefore, have illegally held Petitioner past his sentence "max out" date of November 15, 2022 (D.I. 1 at 1-2, 5). For relief, Petitioner asks the Court to: (1) issue a temporary restraining order against the Respondents "to prevent the destruction, loss, or misplace[ment of] personal property in the custody of [the] Sussex Community Work Release Center or Booking and Receiving Room at Sussex Correctional Center"; (2) declare that the administrative warrant is invalid; (3) order Respondents to "immediately return Petitioner back to rightful sentencing placement at the Sussex Community Work Release Center without the fear of threats, intimidation,

or harassment until his case is decided or release Petitioner to probation and parole with some stipulations applying in full force"; and (4) grant Petitioner immediate release.  (D.I. 1 at 5).

## II.   <u>GOVERNING LEGAL PRINCIPLES</u>

Pursuant to 28 U.S.C. § 2254(a), a district court can entertain a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In contrast, suits challenging state administrative procedures or conditions of confinement are properly brought pursuant to 42 U.S.C. § 1983.  *See generally id.*; *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.  Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate expositors of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review).  A petitioner also is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

### III. <u>DISCUSSION</u>

#### A.    Claims One and Two Erroneously Asserted Under 28 U.S.C. § 2254

Claims One and Two challenge the conditions of Petitioner's confinement and should have been asserted pursuant to 42 U.S.C. § 1983 rather than 28 U.S.C. § 2254.  Petitioner is a frequent filer in this Court and he is aware of the filing requirements.  An Order dated June 6, 2009 placed Petitioner on notice that "future § 1983 filings, characterized as habeas corpus petitions in an attempt to avoid the filing fee, will be considered vexatious and abusive of the judicial process and will result in summary dismissal." *See Biggins v. Phelps*, C.A. No. 09-375-GMS, Order (D. Del. June 11, 2009).  Accordingly, the Court will summarily dismiss Claims One and Two.

#### B.    Claim Three

In Claim Three, Petitioner argues that Respondents improperly calculated his good-time credits and that his actual "max out" date was November 22, 2022.  He contends that "[a]n October 2021 Senate Bill No _____ went in effect increasing [the number of workdays for] all inmates employed through the multiple institutions' work forces [to] 10 days per month from 5 days per month," but he was not permitted to participate in the court-ordered work release program due to the nature of his offenses.  (D.I. 1 at 1).  Distilled to its core, Claim Three asserts that Respondents used an incorrect formula under state law to calculate his good time credits and length of his sentence.  Accordingly, the Court will summarily dismiss Claim Three for failing to assert an issue cognizable on federal habeas review.[1]

---

[1]    Even if Claim Three could be construed as asserting an issue cognizable on federal habeas review, Petitioner has not indicated that he has exhausted state remedies for his argument. Therefore, if cognizable, the Court would summarily dismiss Claim Three for being unexhausted.

### C.   Injunctive Relief Unavailable

Petitioner also asks the Court to issue an immediate temporary restraining order against Respondents "to prevent the destruction, loss, or misplace[ment of] personal property in the custody of [the] Sussex Community Work Release Center or Booking and Receiving Room at Sussex Correctional Center." (D.I. 1 at 5).  A preliminary injunction or temporary restraining order is an extraordinary remedy.  *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).  A movant must establish four elements in order to obtain an injunction: (1) he is likely to succeed on the merits; (2) denial will result in his irreparable injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998).  A movant's failure to establish any one of these four factors renders injunctive relief improper.  *See Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).  Additionally, given the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.  *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009).

Petitioner's vague assertions fail to satisfy any of the four requirements for injunctive relief.  Accordingly, the Court will summarily deny Petitioner's request for a temporary restraining order.

### D.   Motion to Produce Documents

Petitioner has also filed a Motion for Production of Documents asking the Court to order Respondents to provide Petitioner's institutional records, legislative documents, and communications between prison officials concerning Petitioner.  (D.I. 3).  Having decided to

summarily dismiss all three Claims in the instant Petition, the Court will dismiss as moot the instant Motion.

## IV.    <u>CONCLUSION</u>

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1.      Petitioner James Arthur Biggins' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (D.I. 1) is **SUMMARILY DISMISSED** for failing to assert a proper basis for federal habeas relief.

2.      Petitioner's request for a temporary restraining order is **DENIED**.

3.      Petitioner's Motion for Production of Documents (D.I. 3) is **DENIED** as moot.

4.      The Court declines to issue a certificate of appealability with respect to its dismissal of Claim Three because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

5.      The Clerk shall send a copy of this Memorandum Order to Petitioner at his address on record and close this case.

_Maryellen Noreika_
The Honorable Maryellen Noreika
United States District Judge